**Edward Robles RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60294.**

Court of Criminal Appeals of Texas,
Panel No. Three.

April 22, 1981.

John J. Specia, Jr., on appeal only, San Antonio, for appellant.

Bill M. White, Dist. Atty., Fred Rodriguez, Michael Schill, Larry Catlin and Gail Dalrymple, Asst. Dist. Attys., San Antonio, and Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for possession of heroin. Punishment, enhanced by allegation and proof of two prior felony convictions, is life.

The first ground of error relates to the trial court's denial of appellant's motion to require disclosure of the name of the informant who supplied information leading to the issuance of the search warrant in this case. The established rule is that disclosure is not required

"unless (1) the informant participated in the offense; (2) was present at the time of the offense or arrest; (3) was otherwise shown to be a material witness to the transaction or as to whether appellant knowingly committed the act charged." *Etchieson v. State,* Tex.Cr. App., 574 S.W.2d 753, 757.

None of those circumstances are presented in this case. Appellant was present in the house when the search warrant was executed, and the heroin was found in appellant's pocket. The trial court's ruling on appellant's motion to require disclosure of the informant's identity was not error. The ground of error is overruled.

The second ground of error complains of the refusal to permit a question to pin-point the time at which the informant made his observations. The argument presented by appellant is the same as under the first ground of error. The answer to such a question would effectively have disclosed the identity of the informant. The *ground of error* is without merit for the same reason as given in the first ground of error.

Next appellant contends the State should have been required to rebut testimony by defense witnesses that indicated the *informant's* information was false. *Frank v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), regarding falsehoods in the affidavit supporting a search warrant, specifically said, "The deliberate falsity or reckless disregard whose impeachment is permitted today *is only that of the affiant, not of any non-governmental informant.*" (Emphasis added.) The ground of error is overruled.

The next two grounds of error complain of jury argument speculating that appellant possessed the heroin for purposes of

sale. First, we note that the objection was not made at the first opportunity. Second, the argument was narrowly restricted to a deduction from evidence that the heroin possessed was enough to make about eight doses. The grounds of error are overruled.

The last two grounds of error attack the constitutionality of V.T.C.A., Penal Code Sec. 12.42(d) on grounds that were rejected in *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). They are without merit.

We also note that by a supplemental pro se brief appellant challenges the search on authority of *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). The search conducted in this case occurred over two years before that decision, and was sanctioned by established state law under *Hernandez v. State*, Tex.Cr.App., 437 S.W.2d 831, and *Johnson v. State*, Tex.Cr.App., 440 S.W.2d 308. Although those cases conflict with *Ybarra*, supra, and are no longer the law, at the time of the search in this case they were still good law. Cf. *Pearson v. State*, Tex.Cr.App., 587 S.W.2d 393. In the opinion in *Pearson* we set out a lengthy excerpt from *United States v. Peltier*, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975), which examined the policy considerations that militated against giving retroactive effect to *Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). Without quoting again that same two page excerpt, we direct the attention of the reader to that material, and hold, on the basis of that same reasoning, that *Ybarra v. Illinois*, supra, likewise should not be given retroactive effect in this jurisdiction.

The judgment is affirmed.