James David CRAWFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–88–217–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 18, 1989.

Stanley G. Schneider, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

A jury convicted appellant of possession of marijuana weighing more than five and less than fifty pounds and the court sentenced him to confinement for ten years in the Texas Department of Corrections with a fine of $5,000. Appellant brings five points of error: (1) his right to counsel was abrogated by limitations imposed by the court below on voir dire; (2) abuse of discretion by the court below in limiting voir dire; (3) the court below erred in denying disclosure of an informant's identity; (4) the court below erred in failing to suppress evidence by holding appellant had no standing to contest the search of an automobile trunk; and (5) the court below erred in denying a jury instruction regarding the search of the trunk of a motor vehicle. We reverse and remand.

The principal issue in this case is found in point of error number three which we address first. State's witnesses testified that an undercover officer with the organized crime unit of the Houston Police Department was introduced to appellant by a confidential and anonymous informant. The officer was said to have arranged to buy approximately 50 pounds of marijuana from the appellant and that the marijuana was displayed to the officer in the trunk of an apparently disabled vehicle parked at the rear of appellant's auto repair and salvage shop. It was agreed that delivery would take place and payment would be made at another location to be designated by the officer, and appellant used his "wrecker" to tow the vehicle to that undesignated site. The undercover officer testified that appellant had insisted on towing the vehicle to complete the delivery of marijuana at some location other than his place of business and had explained that the towing procedure would enable appellant to effectively deny knowledge of the marijuana in the trunk of the towed vehicle if any police check were to occur.

(There are two affidavits in the record dated prior to the trial which provide conflicting evidence on this issue of delivery. Appellant swore he was towing the vehicle at the request of another person. The undercover officer's statement shows that he had asked the appellant to complete the transaction at another location and that appellant was towing the vehicle for that purpose.)

The Houston undercover officer led the way in his own vehicle and through his body microphone advised City of Pasadena police officers, also on the case, that he had observed marijuana in the trunk of the vehicle then in tow by the wrecker which followed him. A uniformed Houston police officer in a patrol car assisted Pasadena police in the arrest of appellant after the undercover officer gave radio clearance to make the stop by communication channeled through intermediate Pasadena officers. The undercover Houston police officer, with the informant beside him as a passenger, continued on down the road as the actual arrest took place.

The trunk of the towed vehicle was opened without consent of appellant, and three large plastic trash bags containing approximately forty pounds of marijuana were revealed. No arrest warrants or search warrants were obtained for any part of the police operation.

Appellant testified at trial that his employee-agent had purchased the towed automobile the day before the arrest, and that appellant had later resold it and was in the process of delivering it for a fee as part of another sale transaction arranged through a Mexican–American who served as translator between appellant and the undercover Houston police officer who pretended to speak no English. Appellant claimed no knowledge of the contraband in the trunk of the car he was towing. Appellant also testified that it was usual every Friday, when he had large sums of money on his person, to wear the flak vest police

discovered on him and to carry the .45 caliber handgun he had in his truck.

It is undisputed that the undercover Houston police officer was accompanied by another male person when he first met appellant at his place of business. The State's evidence identifies this other person as the confidential informant who gave police information leading to the arrest of appellant. The appellant's testimony describes the other person as a volunteer translator through whom negotiations for sale and delivery of an automobile were made. Testimony was presented by witnesses for both the State and the appellant showing this other person was in fact present at certain negotiations between the Houston police officer and appellant and that this other person may have performed a part of the negotiations. The character of the negotiations is disputed, however. The State claims the subject matter was purchase, sale and delivery of marijuana in the towed vehicle. The appellant claims the subject matter was purchase, sale and delivery of only the towed vehicle. The testimony of the State's main witnesses is corroborated by other police officers. The only testimony in support of appellant's claims that the transaction involved only the sale of the automobile and unchallenged as hearsay is that of appellant's employee who said the "wrecker" was normally used to deliver vehicles which had been sold and that appellant always wore his flak jacket and carried a handgun when he had large sums of money on his person.

■ Appellant asserts that the trial court erred in denying appellant's request for disclosure of the informant's identity, arguing, *inter alia, Kee v. State,* 666 S.W.2d 199 (Tex.App.—Dallas 1983, pet. granted and later dismissed as having been improvidently granted, 758 S.W.2d 788), and that the informant was an intricate part of the transaction; was a witness to a part of its negotiation; was a passenger in the undercover officer's vehicle en route to the scene of the arrest; and could have provided testimony of assistance to the appellant's defense. *Kee v. State* resulted in a reversal due to an improper withholding of the identity of an informant which identity could have, of itself, bolstered the testimony of the defendant in that case. In the present case the identity of the informant could have led to the informant's testimony which would have disclosed the nature of the negotiations and the "transaction" entered into between the undercover Houston police officer and the appellant. *Kee* relied on *Ex parte Turner,* 545 S.W.2d 470 (Tex. Crim.App.1977), in which the Court of Criminal Appeals found:

> The State's right to refuse disclosure of the identity of an informant is recognized to protect the informant and his family due to his usefulness to the Government as a necessary tool of law enforcement. However, where the evidence shows an informant was in a position at the time of the alleged crime to likely possess personal knowledge of material facts calculated to be vital to a true determination of innocence of [sic] guilt, society's need of a truthful verdict outweighs its need, in that particular instance, for concealment of the identity of the informer. Common law and statutory privileges, not of constitutional dimension, must yield when in direct conflict with those constitutional rights essential to the concept of Due Process within the Fourteenth Amendment to the Constitution of the United States and further guaranteed in this State by Art. I, Sec. 19 (Due Process) and Art. I, Sec. 10 (Confrontation and Compulsory Process for Witnesses) of the Texas Constitution.

*Id.,* 545 S.W.2d, at 476.

The State urges that our holding in *January v. State,* 720 S.W.2d 207 (Tex.App.—Houston [14th Dist.] 1986, no pet.) should control in this case, arguing incorrectly that an almost identical scenario is now presented. *January* applied the established rule of *Rodriguez v. State,* 614 S.W.2d 448, 449 (Tex.Crim.App.1981) wherein the Government's privilege to withhold the identity of persons who furnish information of law violations to law enforcement officers is protected unless the informant (1) participated in the offense; (2) was present at the time of the offense or arrest; or (3) was otherwise

shown to be a material witness to the transaction or as to whether appellant knowingly committed the act charged. In the case before us there is no evidence that the informant was in any way involved in the charged offense of intentionally and knowingly possessing marijuana in a useable quantity of more than five pounds and less than fifty pounds, or was present at the time of the appellant's arrest. Unlike *January,* the third prong of the test is activated in the case before us by the evidence that the informant was a material witness to the "transaction" over which there is conflicting testimony. There is no evidence that the informant witnessed any part of the alleged purchase and sale of marijuana, but there is some evidence that the informant was present at and may have participated in preliminary negotiations by the undercover Houston police officer with the appellant and also may have been present when the police were organizing the operation designed to apprehend appellant. This evidence of the State, combined with the conflicting testimony of the appellant claiming the unidentified informant served as an interpreter who helped accommodate an innocuous sale of a motor vehicle, would make the informant a material witness. We find the third prong of *Rodriguez* has been met by appellant's testimony and argument on appeal. The disputed nature and subject matter of the negotiations between the appellant and the undercover Houston police officer have a direct bearing on the guilt or innocence of the appellant in knowingly possessing marijuana. The disputed nature and specific subject matter of the negotiations could have been resolved by testimony of the informant. Appellant's point of error number three is sustained.

Appellant's points of error one and two relate to the voir dire of the jury panel conducted by appellant's attorney prior to trial. Jurors were asked as a group about their possible bias toward evidence resulting from an illegal arrest. The following morning the same general question was asked and five fewer jurors raised their hands. The court overruled appellant's motion to ask the five individual jurors why they had changed their responses. Appellant argues *Smith v. State,* 513 S.W.2d 823 (Tex.Crim.App.1974), and *Mathis v. State,* 576 S.W.2d 835 (Tex.Crim.App.1979), to show he was denied the means of intelligently exercising his peremptory challenges. Because we reverse on point of error number three and remand for a new trial, points one and two become moot.

■ The fourth and fifth points allege trial court errors in overruling motion to suppress the evidence obtained from the warrantless search of the trunk of the towed vehicle on grounds that appellant lacked standing to contest, and refusal on the same grounds to give jury instructions on the legality of such a search. Appellant argues he had standing to contest the search of the trunk of the motor vehicle involved based on his legitimate possessory interest in the vehicle being greater than that of any other person. Contrary to the holding of the court below, we believe appellant did have standing to contest the legality of the search of the trunk of the towed vehicle. Reasonable, justified, and legitimate expectations of privacy appear to have existed under standards set forth in cases following *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), and *Smith v. Maryland,* 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979). *See, Jackson v. State,* 745 S.W.2d 4, 7, 8 (Tex.Cr.App.1988), *cert. denied,* —— U.S. ——, 108 S.Ct. 2916, 101 L.Ed.2d 947. However, while the court below improperly denied the motion to suppress on grounds of no standing, denial of suppression would have been proper on grounds of a search made pursuant to lawful arrest and with probable cause to believe there was contraband in the trunk of the automobile being towed by appellant. The circumstances of the search reach well above the reasonable belief threshold of *Osban v. State,* 726 S.W.2d 107 (Tex.Crim. App.1986). The undercover Houston police officer testified that he had seen a large quantity of marijuana in the trunk of the vehicle before it was hitched to the "wrecker" and that he had used his body micro-

phone to convey that information which was then relayed by radio to other officers who gave face-to-face information on the existence and location of the marijuana to the uniformed driver of the patrol car which made the actual stop of appellant's vehicle upon a public highway. Officers already in the intermediate communications link were those who made the actual warrantless search after a warrantless arrest conforming with TEX.CRIM.PROC.CODE ANN. art. 14.03(a)(1). Given probable cause to search, the car could have been held pending issuance of a warrant by a magistrate or an immediate search without a warrant also would have been reasonable under the Fourth Amendment. *See, Scott v. State*, 531 S.W.2d 825 (Tex.Crim.App. 1976), discussing *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). While our ruling is not necessary on points number four and five, we call this matter of warrantless search pursuant to lawful arrest to the attention of the court upon retrial.

The judgment of the court below is reversed and the cause is remanded for a new trial.