ACCEPTED
01-15-00133-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/30/2015 5:10:33 PM
CHRISTOPHER PRINE
CLERK

## No. 01-15-00133-CR

In the
# Court of Appeals
For the
# First District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/30/2015 5:10:33 PM

CHRISTOPHER A. PRINE
Clerk

———◆———

No. 1288553
In the 337th Criminal District Court
Of Harris County, Texas

———◆———

# DEZMON MARTIN GARCIA

*Appellant*
V.

# THE STATE OF TEXAS

*Appellee*

———◆———

# STATE'S APPELLATE BRIEF

———◆———

DEVON ANDERSON
District Attorney
Harris County, Texas

CATINA HAYNES
Assistant District Attorney
Harris County, Texas

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
Texas Bar No. 24025227
holloway_bridget@dao.hctx.net

Harris County Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713·755·5826
FAX: 713·755·5809

Oral Argument Not Requested

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State requests argument if requested by appellant.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below:

*Counsel for the State:*

**Devon Anderson** —District Attorney of Harris County
**Bridget Holloway** —Assistant District Attorney on appeal
**Catina Haynes** —Assistant District Attorney at revocation hearing

*Applicant or criminal defendant:*

**Dezmon Martin Garcia**

*Counsel for Applicant:*

**Crespin Michael Linton** —Defense attorney on appeal
**Wendy Baker** —Defense attorney at revocation hearing

*Trial Judge:*

**Honorable Renee Magee** —Presiding Judge at revocation hearing

# TABLE OF CONTENTS

**STATEMENT REGARDING ORAL ARGUMENT** ..........................................................i

**IDENTIFICATION OF THE PARTIES**.....................................................................i

**TABLE OF CONTENTS** ....................................................................................ii

**INDEX OF AUTHORITIES** ...............................................................................iii

**STATEMENT OF THE CASE** ............................................................................1

**STATEMENT OF FACTS** .................................................................................1

**SUMMARY OF THE ARGUMENT** .....................................................................3

**REPLY TO APPELLANT'S FIRST ISSUE ON APPEAL** ...............................................4

    Standard of Review .............................................................................. 4
    Analysis ............................................................................................. 5

**REPLY TO APPELLANT'S SECOND ISSUE ON APPEAL** ............................................7

    Analysis ............................................................................................. 7

**CONCLUSION** ...........................................................................................11

**CERTIFICATE OF SERVICE AND WORD LIMIT COMPLIANCE**................................12

# INDEX OF AUTHORITIES

## CASES

*Broxton v. Smith,*
909 S.W.2d 912 (Tex. Crim. App. 1995) ...................................................................... 9

*Cardona v. State,*
665 S.W.2d 492 (Tex. Crim. App. 1984) ...................................................................... 6

*Cobb v. State,*
851 S.W.2d 871 (Tex. Crim. App. 1993) ...................................................................... 5

*Cole v. State,*
578 S.W.2d 127 (Tex. Crim. App. 1979) ...................................................................... 6

*Combs v. State,*
652 S.W.2d 804
(Tex. App. —Houston [1st Dist.] 1983, no pet.) ...................................................... 11

*Curry v. State,*
910 S.W.2d 490 (Tex. Crim. App. 1995) ...................................................................... 8

*Duncan v. State,*
321 S.W.3d 53
(Tex. App. —Houston [1st Dist.] 2010, pet ref'd) .................................................... 6

*Garrett v. State,*
619 S.W.2d 172 (Tex. Crim. App. [Panel Op.] 1981) ................................................ 6

*Harris v. State,*
656 S.W.2d 481 (Tex. Crim. App. 1983) ...................................................................... 9

*Hicks v. State,*
15 S.W.3d 626
(Tex. App. —Houston [14th Dist.] 2000, pet. ref'd) .............................................. 10

*Hypke v. State,*
720 S.W.2d 158
(Tex. App. —Houston [14th Dist.] 1986, pet. ref'd) ................................................ 9

*Jenkins v. State,*
   740 S.W.2d 435 (Tex. Crim. App. 1983)........................................................5

*Jones v. State,*
   571 S.W.2d 191 (Tex. Crim. App. [Panel Op.] 1978) ......................................6

*Moses v. State,*
   590 S.W.2d 469 (Tex. Crim. App. 1979) ........................................................7

*Nicholas v. State,*
   56 S.W.3d 760
   (Tex. App. —Houston [14th Dist.] 2001, pet. ref'd)......................................9

*Rickels v. State,*
   202 S.W.3d 759 (Tex. Crim. App. 2006).......................................................5

*Rincon v. State,*
   615 S.W.2d 726 (Tex. Crim. App. 1981) ........................................................6

*Rodriguez v. State,*
   614 S.W.2d 448 (Tex. Crim. App. [Panel Op.] 1981)......................................9

*Sanchez v. State,*
   603 S.W .2d 869 (Tex. Crim. App. [Panel Op.] 1980).................................6, 7

*Smith v. State,*
   721 S.W.2d 844 (Tex. Crim. App. 1986) ........................................................9

*Solem v. Helm,*
   463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)..............................10, 11

*Taylor v. State,*
   604 S.W.2d 175 (Tex. Crim. App. 1980) ........................................................6

*Thomas v. State,*
   543 S.W.2d 645 (Tex. Crim. App. 1976)........................................................9

*Trevino v. State,*
   218 S.W.3d 234
   (Tex. App. —Houston [14th Dist.] 2007, no pet.)...........................................6

## STATUTES

TEX. PEN. CODE ANN.
§22.01(a)(2) (West 2013) .................................................................................9

## RULES

TEX. R. APP. P. 33.1(a) ...................................................................................8

TEX. R. APP. P. 38.2(a)(1)(A) ..........................................................................i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant, Dezmon Martin Garcia, was charged with aggravated assault with a deadly weapon.  (CR at 11).  Appellant entered a plea of guilty with a punishment recommendation of 4 years deferred adjudication and a $500 fine.  (CR at 15).  The trial court sentenced him in accordance with his guilty plea.  (CR at 28).  The State filed a motion to adjudicate appellant's guilt a little over two years later.  (CR at 34).  Appellant entered a plea of "not true" to six of the State's allegations and "true" to three of the State's allegations.  (RRII at 8-12).  The trial court found six of the nine allegations true, adjudicated appellant guilty, and sentenced him to confinement for 8 years and assessed a $500 fine.  (RRIII at 24-26; CR at 43).  A written notice of appeal was timely filed.  (CR at 46).

———————◆———————

## STATEMENT OF FACTS

Appellant was placed on community supervision for 4 years in May 2011.  (CR at 15).  The record indicates the conditions of appellant's community supervision, in relevance, were:

1    Commit no offense against the laws of this or any other State or of the United States.

4    Report immediately in person, to the Community Supervision Officer for the 337th District Court on the 4th day of May, 2011 and continue to report to the Community Supervision Officer on the 4th of each month thereafter or as directed by the Community Supervision Officer for the remainder of the supervision term unless so ordered differently by the Court.

11    Participate in the HCCS&CD Community Service Restitution Program (CSRP). You shall perform a total of 120 hours, at the rate of 10 hours per MONTH beginning June 04, 2011.

12.1    Pay a Supervision Fee at the rate of $60.00 per month for the duration of your community supervision beginning June 04, 2011 to HCCS&CD.

12.2    Pay a Fine of $500.00 and Court Costs at the rate of $35.00 per month beginning June 04, 2011 to Harris County through HCCS&CD. You are given credit for 0 DAYS.

12.3    Pay Laboratory Fees of $5.00 per month for the duration of your community supervision beginning June 04, 2011 to HCCS&CD.

12.4    Pay a $12.50 fee for an Offender Identification Card by June 04, 2011 to HCCS&CD.

12.5    Pay $50.00 to Crime Stoppers of Houston at the rate of $50.00 per MONTH beginning June 04, 2011 through HCCS&CD.

23    Participate in an anger management treatment program beginning June 04, 2011. Comply with all program rules, regulations and guidelines until successfully discharged or released by further order of the Court. On each reporting date, submit written verification of your enrollment, attendance and/or successful completion of the program to your Community Supervision Officer, to be retained in HCCS&CD's file.

(CR at 30-31). Twenty-six months later, the State filed a motion to adjudicate his guilt, alleging he violated the above conditions. (CR at 35-36). To each paragraph, appellant entered the following plea:

1.    Not true

4.    True, except for one month out of seven alleged

11.    Not true

12.1    Not true

12.2    Not true

12.3    True

12.4    Not true

12.5    Not true

23    Not true

(RRII at 8-12).  The trial court agreed with appellant on paragraphs 4, 12.2, 12.3, 12.4, 12.5, and 23; ultimately agreeing with appellant that three of the allegations he plead "true" to were in fact true and four were not, and also finding two paragraphs he plead "not true" to were in fact true.  (RRIII at 24-26).  The trial court revoked appellant's community supervision, adjudicated him guilty, and sentenced him to confinement for 8 years and assessed a $500 fine.  (RRIII at 7, 26).

———————◆———————

## SUMMARY OF THE ARGUMENT

*State's Reply to Appellant's First Issue Presented on Appeal:*

Because appellant entered pleas of "true" to three out of the five allegations the trial court found true, the trial court did not abuse its discretion in revoking appellant's community supervision.

*State's Reply to Appellant's Second Issue Presented on Appeal:*

Because appellant did not object to his sentence as violating his constitutional rights, he failed to preserve this issue for review.  Regardless, appellant's sentence lies within the statutory punishment range, is not grossly disproportionate to the charged offense, and is, therefore, not cruel and unusual.

———————◆———————

3

# REPLY TO APPELLANT'S FIRST ISSUE ON APPEAL

In his first issue presented on appeal, appellant argues the trial court abused its discretion in revoking his community supervision because the evidence was insufficient to prove any of the five allegations the court found true. Because appellant entered pleas of "true" to three out of the five allegations the trial court found true, the trial court did not abuse its discretion in revoking appellant's community supervision.

## STANDARD OF REVIEW

A trial court's order revoking community supervision is reviewed under an abuse of discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a community supervision revocation proceeding, the State has the burden of proving a violation of the terms of community supervision by a preponderance of the evidence. *See id.*, at 763–64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The State meets its burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of community supervision as alleged. *See Rickels*, 202 S.W.3d at 764; *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983). In a hearing on a motion to revoke community supervision, the trial court is the sole trier of fact, and is also the judge of the credibility of the witnesses and the weight to be given

their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App. —Houston [14th Dist.] 2007, no pet.).

Furthermore, on appeal, this Court examines the evidence in the light most favorable to the trial court's ruling. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Duncan v. State*, 321 S.W.3d 53, 57 (Tex. App. — Houston [1st Dist.] 2010, pet ref'd). A finding of a single violation of community supervision is sufficient to support revocation. *See Sanchez v. State*, 603 S.W .2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Thus, to prevail on appeal, appellant must successfully challenge all of the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

## ANALYSIS

It is the rule that in a proceeding to revoke community supervision, the burden is upon the State to prove by a preponderance of the evidence that the probationer has violated one of the probationary conditions as alleged in the motion to revoke. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984). Even so, it is equally well established that when a plea of true is entered in a revocation proceeding, the sufficiency of the evidence may not be challenged. *Rincon v. State*, 615 S.W.2d 726, 747 (Tex. Crim. App. 1981); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). Thus, a plea of true, standing alone, is sufficient

for revocation of probation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Because appellant entered a plea of "true" to three out of nine allegations, appellant fails at challenging the revocation of his community supervision.

Viewing the evidence in the light most favorable to the trial court's ruling and keeping in mind the lesser preponderance of the evidence standard, the evidence is sufficient to show that appellant violated at least one of his community supervision. *See Sanchez v. State*, 603 S.W .2d at 871 (the finding of a single violation of community supervision is sufficient to support revocation). Accordingly, the trial court did not abuse its discretion in revoking appellant's community supervision.

Appellant's first issue presented on appeal should be overruled.

————————◆————————

## REPLY TO APPELLANT'S SECOND ISSUE ON APPEAL

In his last issue presented on appeal, appellant asserts the trial court abused its discretion, thereby denying him due process, in sentencing him to cruel and unusual punishment. Specifically, he argues the punishment "is disproportionate" to the charged offense when it will be difficult on his family and he could have had probation reinstated. Because appellant did not object to his sentence as violating his constitutional rights, he failed to preserve this issue for review. Regardless, appellant's sentence lies within the statutory punishment range, is not grossly disproportionate to the charged offense, and is, therefore, not cruel and unusual.

### ANALYSIS

First, appellant's cruel and unusual complaint is being presented for the first time on appeal. "As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion...." TEX. R. APP. P. 33.1(a). Appellant did not object to the sentence as violating his constitutional right at the time it was pronounced. (RRIII at 26). Nor did he raise a similar complaint in a post-trial motion. The constitutional right to be free from cruel and unusual punishment may be waived. *See Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding cruel and unusual punishment complaint not preserved); *Nicholas v. State*, 56 S.W.3d 760, 768

(Tex. App. —Houston [14th Dist.] 2001, pet. ref'd) (holding "[t]he constitutional right to be free from cruel and unusual punishment may be waived."). *Cf. Broxton v. Smith*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) ("constitutional error may be waived by failure to object at trial"); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (every right, constitutional or statutory, may be waived by failure to object). Therefore, appellant does not present an arguable issue on appeal.

Second, the outcome would be the same even assuming appellant preserved his argument for appellate review. Texas courts have consistently held that when a judge or jury assess a punishment that is within the statutory limit, the punishment is not cruel or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Rodriguez v. State*, 614 S.W.2d 448, 450 (Tex. Crim. App. [Panel Op.] 1981); *Thomas v. State*, 543 S.W.2d 645, 647 (Tex. Crim. App. 1976); *Hypke v. State*, 720 S.W.2d 158, 160 (Tex. App. —Houston [14th Dist.] 1986, pet. ref'd). As appellant was admonished upon entering his plea, the offense to which he pled guilty, aggravated assault with a deadly weapon, had a punishment ranges of 2 to 20 years' confinement and could include a fine not to exceed $10,000.00. (CR at 16). *See* TEX. PEN. CODE ANN. §22.01(a)(2) (West 2013). Because appellant was sentenced to confinement for 8 years, he was clearly sentenced within the permissible range.

While the Eighth Amendment does not require strict proportionality between crime and sentence, it only forbids extreme sentences that are "grossly disproportionate" to the crime. *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 2705, 115 L.Ed.2d 836 (1991); *Solem v. Helm,* 463 U.S. 277, 288, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In *Solem,* the Supreme Court identified three criteria that should be employed to evaluate the proportionality of a particular sentence: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem,* 463 U.S. at 292. Punishment will be grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme. *Harmelin,* 501 U.S. at 1005; *Hicks v. State,* 15 S.W.3d 626, 632 (Tex. App. —Houston [14th Dist.] 2000, pet. ref'd). Only if the sentence is grossly disproportionate to the offense should this Court then consider the remaining factors of the *Solem* test. *See id.*

Appellant seems to suggest that his family needing him matters when it comes to his punishment for committing a crime. His sentence was within the range of punishment established by legislature. Either years out of a possible 20-year sentence of confinement is not grossly disproportionate to committing aggravated assault with a deadly weapon. Eligibility for probation does not effect

9

the established rule that a punishment within the statutory range is not cruel and unusual punishment. *See Combs v. State*, 652 S.W.2d 804, 806 (Tex. App. — Houston [1st Dist.] 1983, no pet.). Because the threshold test is not satisfied, the remaining factors of *Solem* need not be addressed. Accordingly, the trial court did not abuse its discretion in sentencing appellant. Appellant's last issue on appeal is without merit and should be overruled.

————————◆————————

## CONCLUSION

It is respectfully submitted that all things are regular and that the conviction should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas

/s/ *Bridget Holloway*

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
Texas Bar No. 24025227
holloway_bridget@dao.hctx.net

11

## <u>CERTIFICATE OF SERVICE AND WORD LIMIT COMPLIANCE</u>

This is to certify: (a) that the word count of the computer program used to prepare this document reports that there are 2575 words in the document; and (b) that the undersigned attorney requested that a copy of this document be served to appellant's attorney via TexFile at the following email on June 30, 2015:

       Crespin M. Linton
       Attorney at Law
       Email: crespin@hal-pc.org

/s/ *Bridget Holloway*

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
Texas Bar No. 24025227
holloway_bridget@dao.hctx.net