In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00042-CR


______________________________




KENDRICK TROY CURRY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 282nd Judicial District Court


Dallas County, Texas


Trial Court No. F00-54919-LS




 



Before Grant, Ross and Cornelius,* JJ.


Opinion by Justice Cornelius



________________________________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

O P I N I O N



 Kendrick Troy Curry has filed an appeal from his conviction by a jury for aggravated robbery. 
After the verdict was rendered, Curry elected to have the court assess his punishment. In accordance
with an agreement with the prosecution, Curry pleaded true to an enhancement paragraph in the
indictment and agreed not to appeal, and the court assessed his punishment at twenty-five years'
imprisonment. Curry was represented by appointed counsel at trial and is represented by different
appointed counsel on appeal.

 Curry's counsel filed a brief on June 24, 2002, complying with the requirements of Anders
v. California, 386 U.S. 738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App.
1980), and has accordingly also filed a motion to withdraw. Counsel sent Curry a copy of the brief
and also sent him a complete copy of the record. The brief advises Curry that counsel on appeal
believes there are no arguable grounds of error and informs him of his right to review the record and
file a pro se brief. 

 Curry's counsel has filed a brief that discusses the record and reviews the proceedings.
Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there
are no arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex.
Crim. App. [Panel Op.] 1978), and Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). He also reviewed the representation by appointed counsel at trial as reflected by the record
and has concluded that the record does not show that counsel rendered ineffective assistance. 
Counsel thus concluded from his review of the record that there is no arguable point of error to
support the appeal. 

 In his pro se brief, Curry contends that he received ineffective assistance of counsel and
suggests that he was misinformed about the minimum range of punishment for the offense, stating
that he would not have pleaded for a term of twenty-five years if he had known that the jury could
have assessed a fifteen-year sentence. Curry also argues that new counsel should be appointed
because his current appellate counsel did not raise ineffective assistance of trial counsel as a point
of error. 

 The record does not support Curry's contention that he was unaware of the range of
punishment. The trial court carefully informed him of the results of his plea of true to the
enhancement paragraph and about the range of punishment that could be assessed against him, and
also about the plea agreement itself. Further, the punishment actually assessed against Curry is for
less than he agreed to, because the trial court did not assess a fine against Curry.

 Curry's claim of ineffective assistance of counsel pursuant to Strickland (1) is likewise
unsupported by the record. Any allegation of ineffectiveness must be firmly founded in the record,
and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999). The record does not show that Curry was incorrectly
informed about the range of punishment. (2) In fact, it shows to the contrary. Curry also contends his
appellate counsel is ineffective for failing to pursue the contention of ineffective counsel at trial. 
That another attorney, including Curry's counsel on appeal, might have pursued a different course
of action does not necessarily indicate ineffective assistance of counsel. Harner v. State, 997 S.W.2d
695, 704 (Tex. App.-Texarkana 1999, no pet.). 

 We have reviewed the record in light of counsel's brief and Curry's pro se brief. We agree
with Curry's counsel that there are no arguable points of error in this appeal.

 The judgment of the trial court is affirmed


 

 William J. Cornelius

 Justice*


Date Submitted: September 5, 2002

Date Decided: October 3, 2002


Publish


*Chief Justice, Retired, Sitting by Assignment
1. To prevail on this claim, Curry must prove by a preponderance of the evidence (1) that his
counsel's representation fell below an objective standard of reasonableness and (2) that the deficient
performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668 (1984); Rosales v.
State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, Curry must prove that his
attorney's representation fell below the standard of prevailing professional norms and that there is
a reasonable probability that, but for his attorney's deficiency, the result of the trial would have been
different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).
2. Effectiveness of trial counsel is not generally an issue ripe for determination on direct
appeal, but a record can be created that will permit such a review on post-conviction writ of habeas
corpus. See Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).