**Affirmed and Memorandum Opinion filed February 26, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00747-CR

**ROBERT SALINAS, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 692413**

## M E M O R A N D U M   O P I N I O N

Appellant Robert Salinas Jr. appeals the revocation of his deferred adjudication, complaining (1) the trial court abused its discretion when it did not consider and find that the State did not use due diligence in seeking to adjudicate appellant's guilt, (2) he received ineffective counsel, and (3) the trial court did not credit appellant with all of his time served. We affirm.

## Background

In 1995, Robert Salinas Jr. pleaded guilty to aggravated sexual assault of a child. The court deferred entering an adjudication of guilt and placed appellant under community supervision for a ten-year period. His deferred adjudication included many standard conditions, including the requirements not to commit any other offenses and to report each month to a probation officer, remain in Harris County unless he had permission from the court to change his residency, and pay attorney fees, supervision fees, a fine, and court costs. He also was required to submit to a sexual offender evaluation and follow the recommended treatment and participate in the Harris County Criminal Community Supervision and Corrections Department's Intensive Supervision Program. Appellant initially complied with the terms and conditions of his community supervision. However, without permission from the court, appellant moved his family to Brownsville and stopped fulfilling the conditions of his community supervision.

In 1998, the State moved to adjudicate appellant's guilt, alleging five separate violations of the terms and conditions of his community supervision: failures to (1) report to his probation officer after September 1997; (2) pay supervision fees, his fine, and court costs; (3) submit to the sexual offender evaluation and follow the recommended treatment of attending counseling sessions; (4) participate in the Intensive Supervision Program; and (5) register as a sex offender or report numerous changes of address. In 2011, appellant was stopped for a traffic violation and arrested on the 1998 motion to adjudicate guilt.

An admonishment hearing took place on March 31, 2011, and appellant requested a revocation hearing. At the revocation hearing, appellant pleaded true to all alleged violations of the terms and conditions of his community supervision. The trial court adjudicated appellant guilty of the first degree felony offense of aggravated sexual assault of a child and sentenced him to ten years' confinement.

2

*Discussion*

In five issues, appellant complains the trial court abused its discretion when it did not consider and find that the State failed to use due diligence in seeking to adjudicate appellant's guilt, appellant received ineffective counsel, and when sentencing appellant, the trial court did not credit appellant with all of his time served.

## I.     No Abuse of Discretion Regarding Due Diligence Defense

In his first and second issues, appellant contends the trial court abused its discretion when it did not consider appellant's motion to dismiss the case based upon the State's alleged failure to exercise due diligence in executing an arrest warrant against appellant and did not find the State failed to exercise due diligence.[1]

We review the trial court's order revoking community supervision for an abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a probation revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated a condition of his probation. *Greer v. State*, 999 S.W.2d 484, 486 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). Proof of a single violation is sufficient to support a revocation. *Id.* Thus, to prevail on appeal, appellant was required to challenge successfully all of the

---

[1] The due diligence defense is codified in the Texas Code of Criminal Procedure article 42.12, section 24:

> For the purposes of a hearing under Section 5(b) or 21(b), it is an affirmative defense to revocation for an alleged failure to report to a supervision officer as directed or to remain within a specified place that a supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation failed to contact or attempt to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of community supervision was entered.

findings that support the revocation order. *Id.* Generally, an appellant's plea of true is alone sufficient to support revocation.[2] *Moses v. State,* 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Moore v. State*, 11 S.W.3d 495, 498 n.1 (Tex. App.—Houston [14th Dist.] 2000, no pet.). An appellant may not challenge sufficiency of the evidence after entering a plea of true. *Cole v. State,* 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Moore*, 11 S.W.3d at 498 n.1.

As an initial matter, the trial court did consider whether appellant had a due diligence defense. During the revocation hearing, the trial court asked defense counsel, "You didn't think there was a due diligence defense on this?" Both the prosecutor and appellant's attorney agreed that there was sufficient evidence of the State's due diligence in executing the arrest warrant. Appellant's attorney stated, "I was supplied with . . . information [from the State] whereby it has satisfied me that there was sufficient contact that was attempted to be made." Thus, appellant's claim that the trial court abused its discretion in not considering appellant's motion to dismiss is without merit. Moreover, no express finding was made in the judgment or on the record regarding due diligence. However, we do not need to imply a finding on that issue to sustain the trial court's judgment because appellant pleaded "true" to other violations of his probation, as set forth below. Thus, appellant's claim that the trial court abused its discretion in failing to find the State exercised due diligence is without merit.

The due diligence defense is limited to failures to report or remain in a specified place. Tex. Code Crim. Proc. art. 42.12, § 24; *see also Garcia v. State*, 387 S.W.3d 20, 21 (Tex. Crim. App. 2012). The State alleged not only that

---

[2] An exception to this rule may apply when a defendant fails to make payment in accordance with the conditions of his community supervision but has a claim that he is unable to pay. *See Gipson v. State*, 383 S.W.3d 152, 156 (Tex. Crim. App. 2012) (remanding to court of appeals to determine "whether, by pleading true to an allegation that he failed to pay and by failing to assert his inability to pay, a defendant waives or forfeits a claim that he is unable to pay").

appellant failed to report to his probation officer, but also that he failed to pay supervision fees, a fine, and court costs; submit to the sexual offender evaluation and follow the recommended treatment of attending counseling sessions; and participate in the Intensive Supervision Program. Even assuming the State failed to exercise due diligence in executing the 1998 arrest warrant and the trial judge found otherwise, appellant suffered no harm because no due diligence defense is available with regard to the other alleged violations. *See Garcia*, 387 S.W.3d at 26 (holding even if State did not exercise due diligence, which would have been a defense to revocation based on the defendant's failure to report to a supervision officer, revocation based on another ground was supported by record). Appellant entered a plea of "true" to all the alleged violations of the terms and conditions of his community supervision, which was sufficient to support the trial court's adjudication of guilt even without any presentation of evidence by the State. *See Cole,* 578 S.W.2d at 128. A trial court does not abuse its discretion in refusing "to withdraw a plea of true in a revocation of probation proceeding even if a probationer presents a defensive issue." *Moses,* 590 S.W.2d at 470.

We overrule appellant's first two issues.

## II.    No Ineffective Assistance of Counsel

In his third and fourth issues, appellant complains that he received ineffective assistance of counsel during the revocation hearing and in the original proceedings.

We review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Under *Strickland*, an appellant must prove that his trial counsel's representation was deficient and that the deficient performance was so serious that it deprived appellant of a fair trial. *Strickland*,

466 U.S. at 687. To establish the first prong, an appellant must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. Regarding the second prong, an appellant must demonstrate that counsel's deficient performance prejudiced his defense. *Id.* at 692. To demonstrate prejudice, an appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694; *see also Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (explaining that "reasonable probability" as used in the prejudice prong is "probability sufficient to undermine confidence in the outcome" of the proceeding) (citing *Strickland*, 466 U.S. at 687). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Strickland*, 466 U.S. at 697.

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *Jackson v, State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of a claim of ineffective assistance of counsel. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the appellant is unable to meet the first prong of the *Strickland* test because the record on direct appeal is undeveloped. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483

6

(Tex. Crim. App. 2006). "[I]solated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994).

Finally, "[i]t is not sufficient that the appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata*, 226 S.W.3d at 430. Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant must show that counsel's errors were so serious that he was not functioning as counsel. *Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

**Revocation hearing**. Appellant argues his defense counsel was ineffective for not presenting evidence to support the due diligence defense at the revocation hearing. As set forth above, however, defense counsel informed the court that he believed the State fulfilled its due diligence requirement. Nothing in the record shows defense counsel was incorrect, and absent a record regarding counsel's trial strategy, we may not speculate to find counsel's performance deficient. *See Estes v. State*, 985 S.W.2d 684, 686 (Tex. App.—Fort Worth 1999, pet. ref'd) (declining to find counsel deficient when record was silent as to counsel's strategy with regard to due diligence defense). Moreover, had appellant been successful in asserting a due diligence defense, it would not have changed the outcome of the proceeding. *See Garcia*, 387 S.W.3d at 26.

Appellant also complains that defense counsel did not advise appellant and the trial court about whether the trial court had authority to grant community supervision following an adjudication of guilt. The record does not show whether

counsel advised appellant as to the possible range of punishment for an adjudication of guilt after violating the terms and conditions of community supervision, and we may not speculate on this issue. However, appellant was aware of the range of punishment. At the admonishment hearing, the trial court informed appellant of the possible range of punishment "of not less than five years nor more than 99 years" before he entered his plea of true, and appellant acknowledged the range of punishment in the stipulation of evidence that he signed before the revocation hearing. *See Curry v. State*, 91 S.W.3d 360, 362 (Tex. App.—Texarkana 2002, no pet.). Given these facts, appellant's claim of ineffective assistance of counsel is not supported by the record. *See id*. We overrule appellant's third issue.

**Original Proceedings.** We may not consider whether appellant had ineffective assistance of counsel with regard to his original plea. If a defendant wishes to raise issues related to his plea or deferred adjudication, he must do so on direct appeal from the deferred adjudication order immediately after it is imposed; he may not wait until after he violates the terms of his community supervision and is found guilty. *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *see also Ulloa v. State*, 370 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *Hanson v. State*, 11 S.W.3d 285, 288 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). Accordingly, we lack jurisdiction to consider appellant's fourth issue. *See Hanson*, 11 S.W.3d at 288.

### III. Credit for Time Served

In his fifth issue, appellant complains the trial court erred by not crediting him for time served on the charged offense. The judgment adjudicating guilt credits appellant with time served in 1995. Appellant argues, without citing any evidence in the record, he is entitled to additional time served in 1995, in 2011, and while he was in custody for one day in Brownsville. The record does not show

8

whether appellant served the additional time alleged. Under Code of Criminal Procedure article 42.03, section 2, he is entitled to credit on his sentence for the time he spent in jail for the offense from the time of his arrest until he was sentenced, excluding confinement served as a condition of community supervision. Tex. Code Crim. Proc. art 42.03 § 3; *see also* Tex. R. App. P. 23.2. Because the record is unclear, however, appellant has not shown he is entitled to additional credit for time served. *See Steinocher v. State,* 127 S.W.3d 160, 163 (Tex. App.— Houston [1st Dist.] 2003, pet. dism'd, untimely filed). Therefore, we overrule appellant's fifth issue.

For the above reasons, we lack jurisdiction to consider appellant's fourth issue, we overrule the other issues, and we affirm the trial court's judgment.

/s/     Martha Hill Jamison
        Justice

Panel consists of Justices Frost, Christopher, and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).

9