ACCEPTED
01-14-00746-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/9/2015 8:44:22 AM
CHRISTOPHER PRINE
CLERK

## No. 01-14-00746-CR

In the
Court of Appeals for the
First District of Texas at Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

10/9/2015 8:44:22 AM

CHRISTOPHER A. PRINE
Clerk

◆

## No. 67366

In the 149th District Court
Brazoria County, Texas

◆

## ZACKERY TERRELL
*Appellant*
V.
## THE STATE OF TEXAS
*Appellee*

◆

STATE'S APPELLATE BRIEF

◆

**JERI YENNE**
District Attorney
Brazoria County

**MICHELLE R. TOWNSEND**
Assistant District Attorney
Brazoria County
State Bar Number: 24049295

**BRIAN HRACH**
**RICHARD MARTIN**
Assistant District Attorneys
Brazoria County

111 E. Locust, Suite 408A
Angleton, Texas 77515
Telephone: (979) 864-1230
Facsimile: (979) 864-1525

ORAL ARGUMENT NOT REQUESTED

# IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.1(a), a complete list of the names of all parties and counsel follows:

| | |
|---|---|
| *Appellant or criminal defendant:* | **Zachery Terrell** |
| *Counsel for Appellant on Appeal:* | **Perry R. Stevens**<br>   Attorney at Law<br>603 E. Mulberry<br>Angleton, Texas 77515 |
| *Counsel for the State on Appeal:* | **Jeri Yenne**,<br>   District Attorney<br>**Michelle R. Townsend**,<br>   Assistant District Attorney<br>111 E. Locust, Suite 408A<br>Angleton, Texas 77515 |
| *Counsel for Appellant at Trial:* | **Arthur Washington**,<br>   Attorney at Law<br>3730 Kirby Drive, Suite 1050<br>Houston, Texas 77098 |
| *Counsel for the State at Trial:* | **Brian Hrach**<br>**Richard Martin**,<br>   Assistant District Attorneys<br>111 E. Locust, Suite 408A<br>Angleton, Texas 77515 |
| *Presiding Judge:* | **The Hon. Terri Holder** |

# TABLE OF CONTENTS

IDENTIFICATION OF THE PARTIES ................................................................. i

TABLE OF CONTENTS ................................................................................... ii

INDEX OF AUTHORITIES ............................................................................. iii

STATEMENT OF THE CASE ........................................................................... ix

STATEMENT REGARDING ORAL ARGUMENT ........................................... ix

STATEMENT OF FACTS ..................................................................................1

SUMMARY OF THE ARGUMENTS .................................................................4

REPLY TO APPELLANT'S FIRST POINT OF ERROR.....................................5

Appellant contends that he received ineffective assistance of counsel due to an alleged failure by trial counsel to advise him of the proper punishment range. To the contrary, the record establishes that trial counsel understood the applicable punishment range and advised appellant accordingly. As such, appellant's first point of error is meritless and should be overruled.

REPLY TO APPELLANT'S SECOND POINT OF ERROR.................................9

Appellant asserts that by assessing his punishment at imprisonment for 50 years the trial court erred by entering an illegal sentence. Because appellant was convicted of an "aggravated" state jail felony and pled "true" to enhancement allegations that elevated the applicable punishment range to imprisonment for no less than 25 years or more than 99 years, or life, his arguments are without merit. Accordingly, appellant's second point of error should be overruled.

PRAYER FOR RELIEF ....................................................................................25

CERTIFICATES OF SERVICE AND COMPLIANCE .......................................26

# INDEX OF AUTHORITIES

**Cases**

*Armendariz v. State*,
529 S.W.2d 525 (Tex. Crim. App. 1975)..............................................................20

*Boykin v. State*,
818 S.W.2d 782 (Tex. Crim. App. 1991)................................................ 14, 17, 18

*Brooks v. State*,
642 S.W.2d 791 (Tex. Crim. App. 1982)..............................................................20

*Bunton v. State*,
136 S.W.3d 355 (Tex. App.—Austin 2004, pet. ref'd)........................................17

*Cannon v. State*,
668 S.W.2d 401 (Tex. Crim. App. 1984)................................................................6

*Colyer v. State*,
428 S.W.3d 117 (Tex. Crim. App. 2014)................................................................7

*Curry v. State*,
91 S.W.3d 360 (Tex. App.—Texarkana 2002, no pet.) ..........................................8

*Curry v. State*,
910 S.W.2d 490 (Tex. Crim. App. 1995)..............................................................19

*Ex parte Beck*,
769 S.W.2d 525 (Tex. Crim. App. 1989)..............................................................11

*Ex parte Brooks*,
847 S.W.2d 247 (Tex. Crim. App. 1993)..............................................................11

*Figueroa v. State*,
250 S.W.3d 490 (Tex. App.—Austin 2008, pet. ref'd),
*cert. denied*, 555 U.S. 1185 (2009) ....................................................................25

*French v. State*,
830 S.W.2d 607 (Tex. Crim. App. 1992) ...............................................................25

*Garza v. State*,
298 S.W.3d 837 (Tex. App.—Amarillo 2009, no pet.) (op. on remand) .............25

*Girnus v. State*,
595 S.W.2d 118 (Tex. Crim. App. 1980) ...............................................................20

*Gonzales v. State*,
No. 01-91-00942-CR, 1992 WL 361293 (Tex. App.—Houston [1st Dist.] Dec.
10, 1992, no pet.) (not designated for publication) ...............................................23

*Goodspeed v. State*,
187 S.W.3d 390 (Tex. Crim. App. 2005) .................................................................5

*Grettenberg v. State*,
790 S.W.2d 613 (Tex. Crim. App. 1990) ...............................................................11

*Harmelin v. Michigan*,
501 U.S. 957 (1991) ..................................................................... 20, 21, 22, 23

*Harris v. State*,
656 S.W.2d 481 (Tex. Crim. App. 1983) ...................................................... 20, 22

*Hicks v. State*,
15 S.W.3d 626 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) ...................21

*Holmes v. State*,
380 S.W.3d 307 (Tex. App.—Fort Worth 2012, pet. ref'd)...................................9

*Hypke v. State*,
720 S.W.2d 158 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd) .................20

*Mahaffey v. State*,
364 S.W.3d 908 (Tex. Crim. App. 2012) ........................................ 14, 15, 17, 18

*McFarland v. State*,
928 S.W.2d 482 (Tex. Crim. App. 1996) .................................................................5

iv

*Mercado v. State*,
　718 S.W.2d 291 (Tex. Crim. App. 1986) ...................................................................9

*Murray v. State*,
　302 S.W.3d 874 (Tex. Crim. App. 2009) ...............................................................15

*Noland v. State*,
　264 S.W.3d 144 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd)....................19

*Nolasco v. State*,
　970 S.W.2d 194 (Tex. App.—Dallas 1998, no pet.) .............................................11

*Okonkwo v. State*,
　398 S.W.3d 689 (Tex. Crim. App. 2013) .................................................................6

*Patterson v. State*,
　138 S.W.3d 643 (Tex. App.—Dallas 2004, no pet.) .............................................11

*Ponce v. State*,
　89 S.W.3d 110 (Tex. App.—Corpus Christi 2002, no pet.)..................................9

*Quintana v. State*,
　777 S.W.2d 474 (Tex. App.—Corpus Christi 1989, pet. ref'd) ..........................10

*Rhoades v. State*,
　934 S.W.2d 113 (Tex. Crim. App. 1996) ...............................................................19

*Rodriguez v. State*,
　614 S.W.2d 448 (Tex. Crim. App. 1981) ...............................................................20

*Rummel v. Estelle*,
　445 U.S. 263 (1980) ............................................................................... 20, 21

*Salinas v. State*,
　No. 14-11-00747-CR, 2013 WL 709266 (Tex. App.—Houston [14th Dist.] Feb.
　26, 2013, pet. dism'd) (mem. op., not designated for publication).......................8

*Simpson v. State*,
　668 S.W.2d 915 (Tex. App.—Houston [1st Dist.] 1984, no pet.)........... 20, 22, 23

v

*Smallwood v. State*,
827 S.W.2d 34 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd)......................21

*Smith v. State*,
223 S.W.3d 690 (Tex. App.—Texarkana 2007, no pet.) ...................................25

*Smith v. State*,
960 S.W.2d 372 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd)...................17

*Solem v. Helm*,
463 U.S. 277 (1983) ......................................................................................22

*Solis v. State*,
945 S.W.2d 300 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd)...................19

*State v. Mancuso*,
919 S.W.2d 86 (Tex. Crim. App. 1996) ........................................... 14, 15, 17, 18

*Stewart v. State*,
732 S.W.2d 398 (Tex. App.—Houston [14th Dist.] 1987, no pet.) ...................20

*Strickland v. Washington*,
466 U.S. 668 (1984) ............................................................................... 5, 6, 8

*Swinney v. State*,
828 S.W.2d 254 (Tex. App.—Houston [1st Dist.] 1992, no pet.).......................20

*Thomas v. State*,
543 S.W.2d 645 (Tex. Crim. App. 1976) .........................................................20

*Thompson v. State*,
9 S.W.3d 808 (Tex. Crim. App. 1999) ........................................................ 5, 6, 8

*Villescas v. State*,
189 S.W.3d 290 (Tex. Crim. App. 2006) ..........................................................11

*Washington v. State*,
326 S.W.3d 302 (Tex. App.—Fort Worth 2010, pet. ref'd)................................17

*Wynn v. State*,
219 S.W.3d 54 (Tex. App.—Houston [1st Dist.] 2006, no pet.)...........................19

**Statutes**

TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1995)..............................................15

TEX. GOV'T CODE ANN. § 311.023 (Vernon 1995) .......................................... 14, 17

TEX. GOV'T CODE ANN. § 311.026(a) (Vernon 1995) ...............................................15

TEX. PENAL CODE ANN. § 12.33 (West 2011) ..........................................................13

TEX. PENAL CODE ANN. § 12.35 (West 2011) ..........................................................13

TEX. PENAL CODE ANN. § 12.35(a) (West 2011)................................................ 15, 16

TEX. PENAL CODE ANN. § 12.35(c) (West 2011) ............................................... passim

TEX. PENAL CODE ANN. § 12.35(c)(1) (West 2011) ........................................... 12, 16

TEX. PENAL CODE ANN. § 12.42(d) (West 2011).............................................. passim

TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014) ...........................................15

TEX. PENAL CODE ANN. § 12.425 (West 2011) ................................................. 13, 15

TEX. PENAL CODE ANN. § 12.425(a) (West 2011)...................................................16

TEX. PENAL CODE ANN. § 12.425(b) (West 2011)...................................................16

TEX. PENAL CODE ANN. § 12.425(c) (West 2011)............................................ 14, 16

**Other Authorities**

Acts 2011, 82nd Leg., R.S., ch. 834, 2011 Tex. Sess. Law Serv. (West) ...............15

## Rules

TEX. R. APP. P. 33.1 .................................................................9, 19

TEX. R. APP. P. 38.1(a) .................................................................. i

TEX. R. APP. P. 38.1(g) .................................................................1

TEX. R. APP. P. 38.2(a)(1)(B).........................................................1

TEX. R. APP. P. 39.7 ..................................................................vii

TEX. R. APP. P. 43.2(b).................................................................25

TEX. R. APP. P. 9.4(g) .................................................................vii

TEX. R. APP. P. 9.4(i)....................................................................26

## Constitutional Provisions

TEX. CONST. art. I, § 13.................................................................19

TEX. CONST. art. II, § 1 ...............................................................14

U.S. CONST. amend. VIII ...............................................................19

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged by indictment with the felony offense of possession of a controlled substance weighing less than one gram. (CR 5). The State further alleged that appellant had twice before been sequentially convicted of felony offenses and that a deadly weapon was used or exhibited during the commission of the charged offense. (CR 5, 34). The jurors found appellant guilty and the judge sentenced appellant to confinement for 50 years in the Texas Department of Criminal Justice, Institutional Division. (CR 72-73; RR IV 41; RR V 38-39).

◆

## STATEMENT REGARDING ORAL ARGUMENT

Appellant has waived oral argument. *See* TEX. R. APP. P. 9.4(g), 39.7; (Appellant's Brief, pg. i). However, should this Court order the parties to argue, the State requests the opportunity to respond at oral argument. *See* TEX. R. APP. P. 9.4(g), 39.7.

◆

# STATEMENT OF FACTS

Appellant does not challenge the sufficiency of the evidence supporting the jury's verdict of guilt or the affirmative finding that a deadly weapon was used during the commission of the charged offense. Thus, only a brief recitation of facts concerning the underlying offense is necessary. *See* TEX. R. APP. P. 38.1(g), 38.2(a)(1)(B).

An officer stopped appellant's vehicle for a traffic offense and subsequently arrested appellant and his passenger for failure to provide a valid driver's license and outstanding warrants, respectively. (RR III 14-22). An inventory of appellant's vehicle prior to it being towed uncovered a pistol, large amounts of cash, paraphernalia consistent with the manufacture of crack cocaine, trace amounts of cocaine, and a large volume of liquid codeine and promethazine. (RR III 23-28, 37, 73, 115-20, 140-48, 162-65, 181-88).

The indictment charged appellant with the felony offense of possession of a controlled substance and further alleged that he had twice before been sequentially convicted of felony offenses. (CR 5). Appellant was also informed that a deadly weapon finding would be sought at trial. (CR 34).

Appellant rejected the State's plea bargain offer and proceeded to trial. (RR II 14; RR VIII 20, 24-25). Prior to trial, the trial judge, the prosecutor, and appellant's trial counsel, discussed the applicable punishment range. (RR II 7-14).

Given appellant's prior convictions and the allegation a deadly weapon was used during the commission of the underlying offense, all parties agreed that, should the jury return a verdict of guilt, the appropriate punishment range was imprisonment for no less than 25 years or more than 99 years, or life. (CR 5, 34; RR II 7-13). The jury returned a verdict of guilt and appellant's case was reset for a punishment hearing. (CR 72-73; RR IV 41, 48). After the punishment hearing, the trial judge sentenced appellant to imprisonment for 50 years. (CR 72-73; RR V 38-39).

Notice of appeal was not timely filed but appellant was granted an out-of-time appeal by the Court of Criminal Appeals. (CR 166). Subsequently, appellant filed a motion for new trial. (CR 173-77; RR VIII). The hearing on appellant's motion for new trial was conducted more than a year and a half after trial. *See* (RR II) (trial commenced March 18, 2013); (RR VIII) (hearing on motion for new trial held November 24, 2014). At the hearing, both trial counsel and appellant testified. *See* (RR VIII).

Initially, trial counsel appeared confused as to the applicable range of punishment. *See* (RR VIII 14-15, 18-19). But, after refreshing his memory, counsel ultimately testified that the applicable punishment range he conveyed to appellant prior to trial was "25 to life." (RR VIII 18-20, 23-25). Counsel also testified that he did not object to the form of the State's notice of its intent to seek a deadly weapon finding because he understood it to apply in a manner that would

elevate appellant's punishment range from that of a regular state jail felony to that of a third degree felony. (RR VIII 14-16).

Appellant claimed that trial counsel never informed him of the possibility of a deadly weapon finding and that the maximum possible imprisonment ever discussed was 20 years. (RR VIII 30-33). Appellant also testified that he learned the applicable punishment range was "25 to life" when the judge allegedly admonished him as such in the presence of the jury during the trial on guilt. (RR VIII 33-35, 36-38).

————————◆————————

## SUMMARY OF THE ARGUMENTS

In his first point of error, appellant complains that his trial counsel failed to advise him of the proper punishment range and therefore provided ineffective assistance. But the record demonstrates that counsel understood the applicable punishment range to be imprisonment for no less than 25 years or more than 99 years, or life, and advised appellant accordingly. As such, appellant's first point of error is meritless and should be overruled.

In his second point of error, appellant asserts that the trial court erred by entering a sentence that exceeds the maximum allowed by law. Appellant posits this is so because the proper punishment range is imprisonment for no more than 20 years or less than 2 years. To the contrary, appellant was convicted of an "aggravated" state jail felony and pled "true" to enhancement allegations which elevated the applicable punishment range to imprisonment for no less than 25 years or more than 99 years, or life. Because appellant's sentence of imprisonment for 50 years falls within the applicable punishment range, his second point of error is without merit and should be overruled.

———————————◆———————————

4

**REPLY TO APPELLANT'S FIRST POINT OF ERROR**

In his first point of error, appellant contends that his trial counsel provided ineffective assistance by allegedly failing to advise appellant of the proper punishment range. But there is ample evidence in the record that counsel adequately advised appellant of the applicable punishment range. Thus, appellant's first point of error is meritless and should be overruled.

To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient and (2) this deficiency was so prejudicial that it rendered the trial unfair. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Allegations of ineffective assistance of counsel "must be firmly founded in the record" and the record must "affirmatively demonstrate" the meritorious nature of an appellant's claim that he received ineffective assistance of counsel. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court examines the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel while indulging a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance. *Strickland*, 466 U.S. at 688-89; *Thompson*, 9 S.W.3d at 813. Judicial scrutiny of counsel's performance must be highly deferential and a defendant carries the burden of proving his claim of ineffective assistance of counsel by a preponderance of the evidence. *Strickland*, 466 U.S. at 689; *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984).

Appellant argues his trial counsel was ineffective, claiming that counsel did not have a full understanding of the punishment range appellant faced and therefore did not communicate the proper punishment range to him prior to trial. This allegation is based on trial counsel's testimony and appellant's own testimony during the hearing on his motion for new trial. By focusing only on the record from the motion for new trial, appellant erroneously ignores the trial record. *See Okonkwo v. State*, 398 S.W.3d 689, 693 (Tex. Crim. App. 2013) (the focus of appellate review is the objective reasonableness of counsel's actual conduct in light of the entire record).

The record shows that prior to trial all parties expressed with clarity their understanding that the applicable range was no less than 25 years or more than 99 years, or life. (RR II 7-13). The only time trial counsel appeared confused as to the applicable range of punishment was at the hearing on appellant's motion for new trial. *See* (RR VIII 14-15, 18-19). This hearing was conducted more than a year and a half after trial. *See* (RR II) (trial commenced March 18, 2013); (RR

6

VIII) (hearing on motion for new trial held November 24, 2014). Even then, after refreshing his memory, counsel ultimately testified that the applicable punishment range he conveyed to appellant prior to trial was "25 to life." (RR VIII 18-20, 23-25).

Contrary to counsel's testimony, appellant claimed at the hearing on his motion for new trial that the maximum possible imprisonment ever discussed was 20 years and that trial counsel never informed him of the possibility of a deadly weapon finding. (RR VIII 30-33). Appellant also testified that he only learned the applicable punishment range was "25 to life" when the judge allegedly admonished him as such in the presence of the jury during the trial on guilt. (RR VIII 33-35, 36-38).

The trial court judged the credibility of the witnesses at the hearing on appellant's motion for new trial. *See Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014) (at a motion for new trial hearing, the judge alone determines the credibility of the witnesses). Appellant has not presented any additional argument or authority to this Court that was not soundly rejected by the trial court.

In sum, the record demonstrates that at the time of trial, counsel was well aware of the applicable punishment range and communicated this to appellant. The pre-trial communications between appellant and his trial counsel concerning the applicable punishment range are not contained in the record. Appellant's bare

assertions that none occurred, contrary to counsel's testimony otherwise, do not support finding that trial counsel was ineffective. *See*, *e.g.*, *Curry v. State*, 91 S.W.3d 360, 362 (Tex. App.—Texarkana 2002, no pet.) (appellant's claim that he was misinformed regarding the range of punishment and therefore received ineffective assistance overruled where record did not support such a contention); *Salinas v. State*, No. 14-11-00747-CR, 2013 WL 709266, at *4 (Tex. App.— Houston [14th Dist.] Feb. 26, 2013, pet. dism'd) (mem. op., not designated for publication) (same).

Appellant has failed to demonstrate that counsel's performance was deficient. *See Strickland*, 466 U.S. at 687-88; *Thompson*, 9 S.W.3d at 812-13. Because failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffectiveness claim, appellant's first point of error is without merit and should be overruled.

⸻⸻⸻◆⸻⸻⸻

# REPLY TO APPELLANT'S SECOND POINT OF ERROR

In his second point of error, appellant asserts that the trial court rendered a sentence not authorized by law. By failing to object at the time sentence was pronounced and foregoing this argument in his motion for new trial, appellant has waived any alleged error and presents nothing for appellate review.

## *Error Waived by Failure to Object*

An appellant may not complain of error pertaining to his sentence or punishment if he has failed to object or otherwise raise error in the trial court. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). Here, appellant did not object to his punishment at the time he was sentenced. (RR V 39-40). Likewise, he did not raise the issue of the legality of his sentence, or make any argument based on the statutory provisions he now cites in his appellate brief, in his motion for new trial or at the hearing on said motion. (CR 173-75); *see generally* (RR VIII).

Because appellant failed to object to the trial court's punishment and sentence on the grounds alleged in this point of error, any complaint has been waived and appellant's second point of error should be overruled. *See* TEX. R. APP. P. 33.1; *Mercado*, 718 S.W.2d at 296; *see also Holmes v. State*, 380 S.W.3d 307, 308 (Tex. App.—Fort Worth 2012, pet. ref'd); *Ponce v. State*, 89 S.W.3d 110, 114–15 (Tex. App.—Corpus Christi 2002, no pet.); *Quintana v. State*, 777 S.W.2d

474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd). But even assuming without conceded that error was preserved, appellant still cannot demonstrate his sentence of 50 years is "not authorized by law."

***Appellant Sentenced Within Applicable Range of Punishment***

Appellant was convicted of a state jail felony punishable under section 12.35(c) and he pled true to two enhancement paragraphs contained in the indictment. (CR 72-73; RR IV 41; RR V 5-7); *see also* TEX. PENAL CODE ANN. § 12.35(c) (West 2011). Sections 12.35(c) and 12.42(d) of the Penal Code enhanced his potential punishment range to imprisonment for not less than 25 years or more than 99 years, or life. TEX. PENAL CODE ANN. §§ 12.35(c), 12.42(d) (West 2011). Appellant's sentence of imprisonment for 50 years falls squarely within these parameters. Accordingly, his argument that the trial court assessed an illegal sentence is without merit and should be overruled.

Appellant was tried for the state jail felony offense of possession of a controlled substance. (CR 5). It was further alleged and proven at trial that appellant used a deadly weapon during the commission of said offense. (CR 34, 68, 72-73; RR III 27-28, 37, 115-20, 183-87; RR IV 41). Appellant does not

challenge the sufficiency of the evidence supporting either the verdict of guilt or the finding a deadly weapon was used or exhibited.[1]

The State further alleged in the indictment that appellant had twice before been convicted of two felony offenses, the second previous felony conviction being for an offense that occurred subsequent to the first previous conviction having become final. (CR 5). Appellant pled true to these allegations. (CR 72-73; RR V 5-7). He does not challenge the sufficiency of the evidence supporting either of these enhancement allegations.

---

[1] Citing no authority to support the proposition, appellant posits the notice given by the State that a deadly weapon finding would be sought is inadequate because it was filed "pursuant to Art. 42.12 § 3g(a)(2)." Appellant's Brief, pp. 9, 16-17; (CR 34). Contrary to appellant's assertion, the notice given is sufficient to comport with due process requirements and appellant's argument is meritless.

A defendant is only entitled to some form of notice at the time of prosecution that the State will seek an affirmative finding of the use or exhibition of a deadly weapon during the commission of the charged crime. *Ex parte Brooks*, 847 S.W.2d 247, 248 (Tex. Crim. App. 1993); *Grettenberg v. State*, 790 S.W.2d 613, 614 (Tex. Crim. App. 1990); *Ex parte Beck*, 769 S.W.2d 525, 527 & n.2 (Tex. Crim. App. 1989). This notice need not be contained in the indictment but it must be in writing. *Brooks*, 847 S.W.2d at 248. Furthermore, when a defendant has no challenge to the allegation and does not request a continuance to discover or prepare such a challenge, notice given at the beginning of trial satisfies the federal constitution. *See Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006).

Appellant did not complain that the written notice, given two months before trial began, was untimely. Nor did appellant request a continuance to discover or prepare a challenge to the allegation. To the contrary, when testifying at the motion for new trial hearing, trial counsel recollected that his "understanding was the notice raised it to a third degree." (RR VIII 14-16). Under these circumstances, the State's notice constituted adequate notice and satisfied due process concerns. *See Villescas*, 189 S.W.3d at 294; *Brooks*, 847 S.W.2d at 248; *Grettenberg*, 790 S.W.2d at 614; *Beck*, 769 S.W.2d at 527 & n.2; *see also Nolasco v. State*, 970 S.W.2d 194, 197 (Tex. App.—Dallas 1998, no pet.) (notice given just prior to start of trial provided defendant with adequate notice that use of deadly weapon would be fact issue in case; further, appellant's failure to request continuance to remedy perceived inadequate notice problem defeated any due process claim he might have had); *cf Patterson v. State*, 138 S.W.3d 643, 647 (Tex. App.— Dallas 2004, no pet.) (notice inadequate where trial court overruled appellant's objection to notice given just prior to start of trial and his request for additional time to prepare for trial).

11

Rather, appellant's complaint regarding the legality of his sentence rests upon statutory construction; thus, it is necessary to examine the sections of the Texas Penal Code under which appellant was convicted and sentenced. The law in effect at the time appellant committed the underlying offense provided in pertinent part as follows:

> "An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that a deadly weapon as defined by Section 1.07 was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited." TEX. PENAL CODE ANN. § 12.35(c)(1) (West 2011).

> "[I]f it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this subsection." TEX. PENAL CODE ANN. § 12.42(d) (West 2011).

> "(a) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the third degree.

(b) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies other than a state jail felony punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

(c) If it is shown on the trial of a state jail felony for which punishment may be enhanced under Section 12.35(c) that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the second degree." TEX. PENAL CODE ANN. § 12.425 (West 2011).

Appellant contends that by enacting section 12.425 of the Penal Code, the legislature set the maximum possible punishment range upon conviction for any state jail felony at that of a second degree felony, *i.e.*, no less than 2 years or more than 20 years imprisonment, regardless of the volume or violence of a defendant's criminal history. *See* Appellant's Brief, pp. 18, 21; TEX. PENAL CODE ANN. § 12.425 (West 2011); *see also* TEX. PENAL CODE ANN. § 12.33 (West 2011) (second degree felony punishment range). To the contrary, sections 12.35, 12.42(d) and 12.425 of the Penal Code work in tandem to provide a wide array of punishments for offenders based upon the crime for which they are on trial and the particulars of their past convictions. *See* TEX. PENAL CODE ANN. §§ 12.35, 12.42(d), 12.425 (West 2011).

It is the duty of the Legislature to make laws and the function of the Judiciary to interpret those laws. *See* TEX. CONST. art. II, § 1; *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). When interpreting statutes, courts must "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Mahaffey v. State*, 364 S.W.3d 908, 913 (Tex. Crim. App. 2012); *Boykin*, 818 S.W.2d at 785. Consequently, the focus remains the text of the statute and interpretation is performed in a literal manner attempting to discern the fair, objective meaning of the text. *Mahaffey*, 364 S.W.3d at 913.

It is the duty of the court interpreting the statute to give the ordinary and plain meaning to the language of the Legislature. *Boykin*, 818 S.W.2d at 785. Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from the statutory scheme. *State v. Mancuso*, 919 S.W.2d 86, 87-88 (Tex. Crim. App. 1996). Only when the application of a statute's plain language is ambiguous or would lead to absurd consequences the Legislature could not possibly have intended, should extratextual factors be considered. TEX. GOV'T CODE ANN. § 311.023 (Vernon 1995); *Mahaffey*, 364 S.W.3d at 913; *Mancuso*, 919 S.W.2d at 88; *Boykin*, 818 S.W.2d at 785-86. Because sections 12.42(d) and 12.425(c) of the Penal Code have concurrent efficacy, it is unnecessary to find that one trumps the other. TEX. PENAL CODE ANN. §§ 12.42(d), 12.425(c) (West 2011).

14

The legislature could have exempted all state jail felonies from the habitual criminal status in section 12.42(d). TEX. PENAL CODE ANN. § 12.42(d) (West 2011). Instead, the legislature expressly exempted only those state jail felonies punishable under section 12.35(a). *Id.* This is true even though section 12.42 was overhauled simultaneously with the creation of section 12.425. *See* Acts 2011, 82nd Leg., R.S., ch. 834, 2011 Tex. Sess. Law Serv. (West) (current version at TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014)).

It must be presumed that the Legislature intended for the entire statutory scheme to be effective. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1995); *Mahaffey*, 364 S.W.3d at 913; *Murray v. State*, 302 S.W.3d 874, 879, 881 (Tex. Crim. App. 2009) (in construing statute, consider other provisions within entire "statutory scheme" rather than merely the single, discrete provision at issue). Thus, the provisions of sections 12.42(d) and 12.425 must be construed, if possible, so that effect is given to both. TEX. GOV'T CODE ANN. § 311.026(a) (Vernon 1995); TEX. PENAL CODE ANN. §§ 12.42(d), 12.425 (West 2011); *Mancuso*, 919 S.W.2d at 88.

Section 12.35(a) proscribes the general punishment range for state jail felonies while subsection (c) allows for the enhanced punishment of what have been labeled by caselaw as "aggravated" state jail felonies. *See* TEX. PENAL CODE ANN. § 12.35(a), (c) (West 2011). Section 12.425, subsections (a) and (b), provide

15

for the enhanced punishment of state jail felonies sentenced under section 12.35(a). *See id.* §§ 12.35(a), 12.425(a), (b) (West 2011). Section 12.425(c) provides for the enhanced punishment of "aggravated" state jail felonies where it is proven the defendant has previously been convicted of "*a* felony other than a state jail felony punishable under section 12.35(a)." *See id.* §§ 12.35(a), (c), 12.425(c) (West 2011) (emphasis added). Section 12.42(d) provides for the enhanced punishment of all felonies except "a state jail felony punishable under Section 12.35(a)" where it is proven the defendant has previously been finally convicted of "two felony offenses [other than a state jail felony punishable under Section 12.35(a)], and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." *See id.* §§ 12.35(a), 12.42(d) (West 2011).

Subsections 12.425(a) and (b) do not apply to appellant because they expressly apply to persons convicted under section 12.35(a), and appellant could not be sentenced under section 12.35(a) because of the deadly weapon finding. *See id.* §§ 12.35(a), (c)(1), 12.425(a), (b) (West 2011). Further, section 12.425(c) does not apply to appellant because he had been previously convicted of more than one felony. *See id.* § 12.425(c) ("…that the defendant has previously been finally convicted of *a* felony other than a state jail felony punishable under Section 12.35(a)…") (emphasis added). Thus, given the deadly weapon finding and

16

appellant's pleas of "true" to the enhancement allegations contained in the indictment, section 12.42(d) was the only applicable law under which appellant could be sentenced. *See id.* §§ 12.35(c), 12.42(d); *see also Washington v. State*, 326 S.W.3d 302, 313-15 (Tex. App.—Fort Worth 2010, pet. ref'd) (defendant convicted of state jail felony properly sentenced under section 12.42(d) where habitual offender and deadly weapon allegations were proven true); *Bunton v. State*, 136 S.W.3d 355, 361-63 (Tex. App.—Austin 2004, pet. ref'd) (defendant properly sentenced pursuant to section 12.42(d) after being found guilty of state jail felony with deadly weapon finding and pleading true to enhancement paragraphs alleging prior convictions for non-state jail felony offenses occurring in consecutive order).

Consideration of extratextual factors is unnecessary because the application of the statutes' plain language is not ambiguous nor does it lead to absurd consequences the Legislature could not possibly have intended,. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1995); *Mahaffey*, 364 S.W.3d at 913; *Mancuso*, 919 S.W.2d at 88; *Boykin*, 818 S.W.2d at 785-86. Quite the opposite of leading to absurd results, such an application is consistent with the legislature's consistent treatment of "aggravated" state jail felonies as equivalent to third degree felonies. *See Smith v. State*, 960 S.W.2d 372, 374-75 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (concluding after statutory analysis that an "aggravated" state jail felony

17

may be enhanced by two prior convictions in the proper sequence to habitual offender status under section 12.42(d) and noting legislature's treatment of aggravated state jail felonies as equivalent to third-degree felonies when testing said conclusion to see if it resulted in a reasonable or absurd construction).

By constructing the statutory scheme for the punishment of felony offenders as it did, the legislature made state jail felonies punishable under the provisions of section 12.35(c) subject to the habitual criminal provisions of section 12.42(d). *See* TEX. PENAL CODE ANN. §§ 12.35(c), 12.42(d) (West 2011); *Mahaffey*, 364 S.W.3d at 913 (statutory interpretation is performed in a literal manner focusing on the text of the statute and attempting to discern the fair, objective meaning of the text); *Mancuso*, 919 S.W.2d at 87-88 (when statutes are clear and unambiguous, the Legislature must be understood to mean what it has expressed); *Boykin*, 818 S.W.2d at 785 (ordinary and plain meaning to be given to the language of the Legislature). Accordingly, appellant's sentence falls within the applicable punishment range and his complaint that the trial court assessed an illegal sentence is without merit and should be overruled. Furthermore, to the extent appellant's argument concerning the legality of his sentence can be read as a challenge to the constitutionality of his sentence, any such argument is meritless and should be overruled.

***Appellant's Sentence Not Unconstitutional***

Constitutional rights, including the rights provided by the Eighth Amendment of the United States Constitution and article I, section 13 of the Texas Constitution, may be waived. U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13; *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see also* TEX. R. APP. P. 33.1. Here, appellant did not present evidence or argument concerning the issue of any alleged excessiveness or disproportionality in his sentence at the hearing on his motion for new trial. *See* (RR VIII) (record of hearing on motion for new trial). Thus, appellant did not preserve a constitutional challenge to the excessiveness or proportionality of his sentence for appellate review. *See* TEX. R. APP. P. 33.1; *Rhoades*, 934 S.W.2d at 120 (noting that defendant waived any error because he presented his argument for first time on appeal); *Noland*, 264 S.W.3d at 151-52 (by failing to object and specifically state the legal basis for the objection, the defendant failed to preserve his Eighth Amendment complaint for review); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that defendant's failure to object to his life sentence of imprisonment as cruel and unusual punishment waived error); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding defendant could not assert

19

cruel and unusual punishment for first time on appeal). However, even absent waiver, appellant's sentence does not constitute cruel and unusual punishment, nor is it grossly disproportionate in light of the circumstances of his crime and his criminal history.

It is well-settled that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Rodriguez v. State*, 614 S.W.2d 448, 450 (Tex. Crim. App. 1981); *Thomas v. State*, 543 S.W.2d 645, 647 (Tex. Crim. App. 1976); *Swinney v. State*, 828 S.W.2d 254, 259 (Tex. App.—Houston [1st Dist.] 1992, no pet.); *Hypke v. State*, 720 S.W.2d 158, 160 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd); *Stewart v. State*, 732 S.W.2d 398, 400 (Tex. App.—Houston [14th Dist.] 1987, no pet.); *Simpson v. State*, 668 S.W.2d 915, 919–20 (Tex. App.—Houston [1st Dist.] 1984, no pet.). The Texas habitual offender statute has been repeatedly upheld as constitutional. *Brooks v. State*, 642 S.W.2d 791 (Tex. Crim. App. 1982); *Rodriguez v. State*, 614 S.W.2d 448 (Tex. Crim. App. 1981); *Girnus v. State*, 595 S.W.2d 118 (Tex. Crim. App. 1980); *Thomas v. State*, 543 S.W.2d 645 (Tex. Crim. App. 1976); *Armendariz v. State*, 529 S.W.2d 525 (Tex. Crim. App. 1975).

Furthermore, courts have consistently held that the length of a criminal sentence is a matter of legislative prerogative. *See*, *e.g.*, *Harmelin v. Michigan*,

501 U.S. 957, 962 (1991); *Rummel v. Estelle*, 445 U.S. 263, 284-85 (1980). In determining whether a sentence is grossly disproportionate, the reviewing court considers not only the present offense but also the accused's criminal history. *Rummel*, 445 U.S. at 284-85; *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *Smallwood v. State*, 827 S.W.2d 34, 38 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd).

Appellant was found guilty of an aggravated state jail felony. TEX. PENAL CODE ANN. § 12.35(c) (West 2011). Considered in conjunction with his two prior, sequential felony convictions, the punishment range is imprisonment for no less than 25 years or more than 99 years, or life. TEX. PENAL CODE ANN. §§ 12.35(c), 12.42(d) (West 2011). Thus, the legislature has determined that a severe penalty is warranted and, by implication, not excessive or cruel when the evidence shows the defendant has committed an aggravated state jail felony and been previously convicted of at least two additional felony offenses, the second previous felony conviction being for an offense that occurred subsequent to the first previous conviction having become final. *See* TEX. PENAL CODE ANN. §§ 12.35(c), 12.42(d) (West 2011).

Appellant's punishment of imprisonment for 50 years falls well within the range set forth by the legislature. (CR 72-73; RR V 38-39). Moreover, such a sentence is not "unusual" merely because it is reserved for a specific set of

offenders based upon the crime of which they are convicted and the particulars of their prior convictions. *See Harmelin*, 501 U.S. at 994–95. Accordingly, appellant's punishment is not prohibited as excessive, cruel, or unusual. See *Harris*, 656 S.W.2d at 486; *Simpson*, 668 S.W.2d at 919–20. Nonetheless, even if the proportionality of appellant's sentence is evaluated, his punishment still does not violate the Eighth Amendment. *See generally Harmelin*, 501 U.S. 957; *Solem v. Helm*, 463 U.S. 277 (1983).

Appellant and his passenger were in possession of a large amount of cash separated into smaller denominations, Pyrex dishes containing trace amounts of cocaine, a whisk, baggies, rubber bands, scales, and a pistol. (RR III 27-28, 73, 115-20, 140-48). Appellant's possession of these items and enlistment of the assistance of another person supports the presumption that he intended to distribute, and in fact had just delivered, a large amount of cocaine. (RR III 181-88).

Appellant was also illegally in possession of other narcotic substances. (RR III 121-22, 162-65; State's Exhibit 40) (two bottles recovered from appellant's vehicle containing over 530 grams of codeine and promethazine). Additionally, from appellant's own mouth, the judge and jury heard him acknowledge his guilt but not express remorse. (RR III 100-01; State's Exhibit 1) (appellant admits to "f---ing up" before any evidence was recovered from his vehicle).

Appellant committed another drug possession offense while on bond for the offense presently at issue. (RR V 12-30) (appellant possessed 34.86 grams of codeine and promethazine on June 18, 2012). Further, the trial court acknowledged, and the record supports this declaration, that the justice system attempted to "work with" appellant on numerous occasions but he persisted in breaking the law, often by committing offenses involving weapons. (RR V 38); RR IX State's Exhibit 42) (conditions of probation and multiple modifications to conditions of probation). Moreover, appellant pled "true" to having been previously convicted of the felonies of aggravated assault with a deadly weapon and possession with intent to deliver more than one gram, but less than four grams, of cocaine. (CR 72-73; RR V 5-7).

Given the circumstances of appellant's crime, his behavior while on bond for the present offense, and his prior criminal history, appellant's sentence is not excessive, cruel, unusual, or grossly disproportionate in violation of the Eighth Amendment of the United States Constitution. *See Harmelin*, 501 U.S. at 994–95; *Simpson*, 668 S.W.2d at 916 (life sentence upon conviction for possession of .0095 grams of cocaine and finding enhancement allegations of two prior felony convictions to be true not cruel and unusual punishment); *Gonzales v. State*, No. 01-91-00942-CR, 1992 WL 361293, at *1-3 (Tex. App.—Houston [1st Dist.] Dec. 10, 1992, no pet.) (not designated for publication) (sentence of 25 years, assessed

pursuant to Texas habitual offender statute, for the theft of three shirts did not constitute cruel and unusual punishment).   Accordingly, appellant's second point of error is without merit and should be overruled.

———————◆———————

## PRAYER FOR RELIEF

It is respectfully submitted that all things are regular and the conviction and sentence should be affirmed. [2]

/s/ Jeri Yenne
**JERI YENNE**
District Attorney
Brazoria County, Texas

/s/ Michelle R. Townsend
**MICHELLE R. TOWNSEND**
Assistant District Attorney
Brazoria County, Texas
State Bar Number: 24049295
111 E. Locust, Suite 408A
Angleton, Texas 77515
Telephone: (979) 864-1230
Facsimile: (979) 864-1525
ellehcim@alumni.rice.edu

---

[2] The judgment of the trial court indicates appellant was convicted of a third degree felony. (CR 72-73). Because of the jury's affirmative finding of the use of a deadly weapon during the commission of the offense, the offense became an "aggravated" state jail felony punishable as a third degree felony under section 12.35(c); however, the nature of the offense never changed. *See Garza v. State*, 298 S.W.3d 837, 845 (Tex. App.—Amarillo 2009, no pet.) (op. on remand). Although appellant was punished within the proper, applicable punishment range based on the present crime and his criminal history, he was, nonetheless, convicted of only a state jail felony.

The notation on the trial court's judgment indicating appellant was convicted of a third degree felony is a clerical error, not the product of judicial reasoning. Thus, this Court is authorized to reform the trial court's judgment so that it may speak the truth. *See* TEX. R. APP. P. 43.2(b); *Garza*, 298 S.W.3d at 845; *Figueroa v. State*, 250 S.W.3d 490, 518 (Tex. App.—Austin 2008, pet. ref'd), *cert. denied*, 555 U.S. 1185 (2009); *Smith v. State*, 223 S.W.3d 690, 696–97 (Tex. App.—Texarkana 2007, no pet.); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). As such, the judgment of the trial court should be modified to reflect that appellant was convicted by a jury of possession of a controlled substance, a state jail felony, aggravated by a finding that appellant used a deadly weapon in the commission of the offense, enhanced by two prior felony convictions.

**CERTIFICATES OF SERVICE AND COMPLIANCE**

This is to certify that a copy of the foregoing instrument has been delivered to appellant's attorney on this the 9th day of October, 2015:

> Perry R. Stevens
> Attorney at Law
> 603 E. Mulberry
> Angleton, Texas 77515

Further, that this document was generated on a computer program that calculates the word count to be 5,218 words. *See* TEX. R. APP. P. 9.4(i).

> */s/ Michelle R. Townsend*
> **MICHELLE R. TOWNSEND**
> Assistant District Attorney
> Brazoria County, Texas
> State Bar Number: 24049295
> 111 E. Locust, Suite 408A
> Angleton, Texas 77515
> Telephone: (979) 864-1230
> Facsimile: (979) 864-1525
> ellehcim@alumni.rice.edu